IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA GARCIA,

    Plaintiff,

v.                                                                                                                     No. 17-cv-1031 SMV

NANCY A. BERRYHILL,
**Acting Commissioner of**
**Social Security Administration,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand [Doc. 24] ("Motion"), filed on June 20, 2018. The Commissioner responded on August 9, 2018. [Doc. 29]. Plaintiff replied on September 18, 2018. [Doc. 30]. The parties have consented to my entering final judgment in this case. [Doc. 23]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider the evidence submitted to it. Accordingly, the Motion will be GRANTED, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (2018) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520 (2012); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on July 8, 2014. Tr. 11. She alleged a disability-onset date of March 31, 2014. *Id.* Her claim was denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Stephen Gontis held a hearing on February 27, 2017, in Albuquerque, New Mexico. Tr. 11, 35–69. Plaintiff appeared in person with her attorney. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Marsha N. Heald. *Id.*

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

The ALJ issued his unfavorable decision on May 30, 2017. Tr. 23. The ALJ found that Plaintiff would meet the insured status requirements through December 31, 2019. Tr. 13. At step one he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, anxiety, depression, and post-traumatic stress disorder. *Id.* Further, he found that Plaintiff's substance abuse disorder and disorders of the gastrointestinal system, alone or in combination, were not severe. Tr. 13–14.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 14–16. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–21. The ALJ found that Plaintiff had:

> the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to perform[ing] simple, routine tasks that require no more than simple work-related decisions. She can occasionally respond appropriately to supervisors and co-workers, and should have no more than infrequent superficial contact with the public. She is limited to tolerating few changes in a routine work setting, and any time off task can be accommodated by normal breaks.

Tr. 20.

At step four the ALJ found that Plaintiff was not able to return to her past relevant work. Tr. 21. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 21–22. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* After the ALJ denied the claim, Plaintiff requested review by the Appeals Council. *See* Tr. 1–3. She submitted additional evidence to the Appeals Council that had not been before

4

the ALJ.[2]  Tr. 2.  The Appeals Council found no "reasonable probability that [the additional evidence] would change the outcome of the decision."  *Id.*  The Appeals Council "did not consider and exhibit th[e] evidence."  *Id.*  Accordingly, on September 20, 2017, the Appeals Council denied Plaintiff's request for review.  Tr. 1−3.  Plaintiff timely filed the instant action on October 13, 2017.  [Doc. 1].

## **Analysis**

Plaintiff argues that the Appeals Council erred in failing to consider the new evidence. [Doc. 24] at 16–17.  Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review.  *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).  Additional evidence should be considered only if it is new, chronologically pertinent, and material.  20 C.F.R. § 404.970(b).  Evidence is new "if it is not duplicative or cumulative." *Threet*, 353 F.3d at 1191 (quoting *Wilkins v. Sec'y, Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)).  Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, i.e., the period on or before the date of the ALJ's decision.  *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

Evidence is material "if there is a reasonable possibility that [it] would have changed the outcome."  *Threet*, 353 F.3d at 1191 (alteration in original) (quoting *Wilkins*, 953 F.2d at 96). For example, in *Threet*, an ALJ had found the plaintiff disabled only through a certain date because after that date, she had had no further medical treatment.  The plaintiff, however, submitted to the Appeals Council new medical records evidencing treatment after that date as

---

[2] The new evidence comprised records from Outcome Inc./BH Adult Assessments dated August 30, 2013, through March 12, 2014; BH Adult Outpatient from December 23, 2013, through May 22, 2015; UNM Psychiatric Center from February 7, 2014, through July 9, 2015; Presbyterian from November 2, 2015, through November 17, 2015; University of New Mexico Hospitals/Monica Ross, RN from June 26, 2013, through September 18, 2013; and ABQ Health Partners from January 9, 2013, through May 6, 2014.  Tr. 604–67; *see* Tr. 2 (listing the new evidence).

5

well as a doctor's recommendation for surgery. *Id.* at 1188–89. The Appeals Council did not consider the evidence and denied review. *Id.* at 1189. The plaintiff filed suit but lost in district court. *Id.* On appeal, the Tenth Circuit Court of Appeals determined that the evidence was material and should have been considered. *Id.* The court explained that the evidence "reasonably call[ed] into question the disposition of the case in light of the ALJ's determination that [the plaintiff's] disability had ended as of September 16, 1998, based on his conclusion that she had no further medical treatment and the medical evidence showed her condition had improved." *Id.* at 1191.

Similarly, in *Padilla v. Colvin*, the Tenth Circuit found that a psychological evaluation and an audiological evaluation were material and should have been considered by the Appeals Council. 525 F. App'x 710, 712 n.1 (10th Cir. 2013). The court explained that "[t]he psychological report [showed mood and learning disorders, and the plaintiff]'s low intellectual functioning suggest[ed] he could be presumptively disabled under [Listing] 12.05, because he had a full scale IQ score of 67. These are all indicative of nonexertional limitations that could reasonably have changed the outcome." *Id.* at 713.

In contrast, in *Chambers*, the Tenth Circuit found that evidence submitted for the first time to the Appeals Council was not material where it related to conditions that had not been presented to the ALJ or at any time previously. 389 F.3d at 1144. The court found that the evidence "showed the existence of possible lung conditions[, but the plaintiff had] never complained of any impairments relating to her lungs. . . . Therefore, the new reports have no bearing on the question of Claimant's alleged disability." *Id.*

If evidence submitted to the Appeals Council for the first time does not meet all three requirements—new, chronologically pertinent, and material—the Appeals Council does not

consider it, and it "plays no role in judicial review." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). However, if the Appeals Council has failed to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191.

Here, there is no dispute that the additional evidence submitted by Plaintiff qualifies as "new"; there is no suggestion that it is duplicative or cumulative. Further, there is no dispute that the evidence is "chronologically pertinent." It is relevant to Plaintiff's mental health diagnoses, her testimony about her symptoms and functional limitations, as well as a medical opinion on her ability to function already in the record, *see* Tr. 448 (consultative opinion from Dr. Hughson, including a GAF score[3] of 45–48[4]). Accordingly, the disputed evidence is chronologically pertinent.[5] *See Padilla v. Colvin*, 525 F. App'x 710, 712 n.1 (10th Cir. 2013) (evidence is chronologically pertinent if it is relevant to the issues before the ALJ (citing *Chambers*, 389 F.3d at 1142–44)).

The parties, however, disagree on whether the evidence is "material." Plaintiff argues that the evidence—in particular, the low GAF scores—reasonably would have changed the outcome because it shows more severe limitations than the ALJ had assessed. [Doc. 24] at 16−17. Plaintiff argues that the GAF scores "support Dr. Hughson's opinions on the GAF and Plaintiff['s] having marked limitations interacting with the public." *Id.* at 16. The new evidence

---

[3] A Global Assessment of Functioning score (or "GAF" score) is a clinician's determination on a scale of 1 to 100 of an individual's overall level of functioning. *Am. Psychiatric Ass'n*, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2010).

[4] A GAF score of 41–50 indicates "**[s]erious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." *Id.* (emphases in original).

[5] Some of the evidence pre-dates the period adjudicated by the ALJ. For example, the earliest medical record is dated August 30, 2013, Tr. 644–49, about seven months prior to the alleged onset date of March 31, 2014. The earliest employment record is dated January 9, 2013, Tr. 665, about 15 months prior to the alleged onset date. However, neither the Appeals Council nor Defendant has indicated that the dates of the records are too early to qualify for consideration.

contains at least two very low GAF scores: one of 48, assessed on December 23, 2013, and one of 40,[6] assessed on February 7, 2014, both of which would tend to show an inability to work. Tr. 640, 635.

Defendant argues that the evidence is not material and that the Appeals Council was correct in declining to consider it. [Doc. 29] at 15–18. She does not dispute that the new evidence contains at least one very low GAF score. *See id.* Rather, she points to another higher GAF score and other evidence that could support the ALJ's decision. *Id.* at 16 (citing Tr. 656 (GAF of 64[7] assessed on March 12, 2014)). Defendant concludes that the evidence does not show a consistent pattern of more severe limitations but, instead, "indicates that different sources assessed different ranges of functioning in making GAF ratings." *Id.* at 17 (citing Tr. 423, 448, 656).

The Court agrees with Plaintiff. The evidence at issue here is material because there is a "reasonable possibility" that it would have changed the outcome. *Threet*, 353 F.3d at 1191. Defendant is correct that not all the GAF scores are very low; indeed, there are two indicating moderate or mild symptoms. Tr. 649 (GAF score of 60[8], assessed on August 13, 2013), 656 (GAF score of 64, assessed on March 12, 2014). However, considering that Dr. Hughson had already assessed a GAF score of 40–48, and considering that the new evidence contained at least two other GAF scores in the 40s, there is a reasonable possibility that, if considered, the

---

[6] A GAF score of 31–40 indicates "[s]**ome impairment in reality testing or communication** (e.g., speech is at times illogical, obscure, or irrelevant) **OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood** (e.g., depressed man avoids friends, neglects family, and is unable to work . . .)." *Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 34 (emphases in original).

[7] A GAF score of 61–70 indicates "**[s]ome mild symptoms** (e.g., depressed mood and mild insomnia) **OR some difficulty in social, occupational, or school functioning** (e.g., occasional truancy, or theft within the household), **but generally functioning pretty well, has some meaningful interpersonal relationships.**" *Id.* (emphases in original).

[8] A GAF score of 51–60 indicates "**[m]oderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers)." *Id.* (emphases in original).

new evidence would change the outcome. The evidence submitted to the Appeals Council is material. Because the Appeals Council failed to consider it, the case will be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete record. *See Threet*, 353 F.3d at 1191.

### Conclusion

The Appeals Council erred in failing to consider the evidence submitted to it after the ALJ's decision. *See* Tr. 604–67. Therefore, the Motion will be granted, and the case will be remanded for consideration of the new evidence. The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143; *Threet*, 353 F.3d at 1191.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand [Doc. 24] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**