# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANDRA GARCIA,

    **Plaintiff,**

v.                                                                                                           No. 17-cv-1031 SMV

NANCY A. BERRYHILL,
**Acting Commissioner of
Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act, with Supporting Memorandum [Doc. 34] ("Motion"), filed on October 23, 2018. The Commissioner responded on October 26, 2018. [Doc. 35]. Plaintiff replied on November 1, 2018. [Doc. 36]. The parties have consented to my entering final judgment in this case. [Doc. 23]. Plaintiff moves the Court for an award of $8,333.50[1] in attorney fees. [Doc. 36] at 3. Having reviewed the record, the briefing, and the relevant law, the Court finds that the Motion is not well-taken and should be denied.

## Background

Plaintiff's claim for period of disability and disability insurance benefits was denied by Defendant, and Plaintiff timely filed suit in this Court. Among other things, Plaintiff argued that

---

[1] Plaintiff originally requested $7,127.50 for 35.50 hours, with 2 hours at the 2017 rate of $197/hour and 33.50 hours at the 2018 rate of $201/hour. [Doc. 34] at 1. Upon filing her Reply, however, Plaintiff had expended an additional $1,206 in fees at a rate of $201/hour for a total of $8,333.50. [Doc. 36] at 3.

the Appeals Council had erred in failing to consider additional evidence submitted to it after the administrative law judge ("ALJ") had issued his unfavorable decision. [Doc. 24] at 8, 16–17.

> [T]he additional medical records submitted to the Appeals Council strongly support the Plaintiff's position that she has suffered from terrible mental health problems and that the same preclude her from working. . . . [T]he new records document a consistent pattern of severe limitations due to psychological problems and chronic gastrointestinal discomfort. Had the ALJ been afforded the opportunity to review these records, he likely would have found the Plaintiff disabled.

*Id.* at 8 (citation omitted). In particular, Plaintiff argued that two medical treatment notes (one from Dr. Voloshin dated May 22, 2015, listing a GAF score[2] of 40,[3] and one from Dr. Sigl dated March 12, 2014), along with certain employment records, "demonstrate[d] a pattern of mental health problems that [were] consistent with Dr. Hughson's report. Had Dr. Hughson's report been afforded proper weight, the Plaintiff would likely have been found disabled." *Id.* at 17.

Dr. Hughson's opinion had been adopted in part by the ALJ. *See* Tr. 15, 17–19. However, the ALJ rejected Dr. Hughson's opinion on Plaintiff's ability to function as indicated by a GAF score of 45–48. Tr. 18.

Defendant responded in opposition, exclusively attacking the two treatment notes cited by Plaintiff. [Doc. 29] at 16–18. She highlighted portions of Dr. Sigl's March 12, 2014 note that tended to show that Plaintiff's depression and functioning were not severe, including a GAF score

---

[2] A Global Assessment of Functioning score (or "GAF" score) is a clinician's determination on a scale of 1 to 100 of an individual's overall level of functioning. *Am. Psychiatric Ass'n*, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2010).

[3] A GAF score of 31–40 indicates "[s]**ome impairment in reality testing or communication** (e.g., speech is at times illogical, obscure, or irrelevant) **OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood** (e.g., depressed man avoids friends, neglects family, and is unable to work . . .)." *Am. Psychiatric Ass'n*, *Diagnostic and Statistical Manual of Mental Disorders* 34 (emphases in original).

of 64.[4]  *Id.* at 16–17.  Further, Defendant argued that Dr. Voloshin's May 22, 2015 note did not reflect any actual treatment or any current GAF assessment but, instead, incorporated information and a GAF score from Plaintiff's preceding visit in February of 2014.  *Id.* at 17.  Defendant did not make any argument about the employment records or any of the other additional documents submitted to the Appeals Council; she did not mention anything other than these two notes.  *See id.* at 1–18.

In reply, Plaintiff maintained that "there [were] multiple GAFs from multiple providers that the ALJ and Appeals Council failed to consider[, which] could be construed to have reinforced Dr. Hughson's opinions." [Doc. 30] at 4–5 (footnote omitted).

The Court was persuaded by Plaintiff's arguments and found that the Appeals Council erred in declining to consider the additional evidence submitted to it.  [Doc. 32] at 5–9.  Additional evidence should be considered only if it is (1) new, (2) chronologically pertinent, and (3) material.  20 C.F.R. § 404.970(b) (2016).  The Court found that the additional evidence submitted to the Appeals Council qualified as (1) new and (2) chronologically pertinent, expressly noting that Defendant had not argued otherwise.  [Doc. 32] at 7.

As to (3) the materiality of the additional evidence, the Court agreed with Plaintiff. "[C]onsidering that Dr. Hughson had already assessed a GAF score of 45–48, and considering that the new evidence contained at least two other GAF scores in the 40s, there [wa]s a reasonable

---

[4] A GAF score of 61–70 indicates "**[s]ome mild symptoms** (e.g., depressed mood and mild insomnia) **OR some difficulty in social, occupational, or school functioning** (e.g., occasional truancy, or theft within the household), **but generally functioning pretty well, has some meaningful interpersonal relationships.**" *Am. Psychiatric Ass'n*, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2010) (emphases in original).

3

possibility that, if considered, the new evidence would change the outcome." *Id.* at 8–9. (citing Tr. 448 (Dr. Hughson's GAF score) and Tr. 235, 640 (two other very low GAF scores)). Accordingly, the Court remanded the case for consideration of the additional evidence. [Doc. 32] at 9. The Court did not address the other errors alleged by Plaintiff in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *Id.* (citing *Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004); *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)). Plaintiff now requests attorney fees in the amount of $8,333.50, under the Equal Access to Justice Act ("EAJA"). [Doc. 36] at 3.

**Standard**

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A) (2012); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust. Instead, they disagree about whether the Commissioner's position was substantially justified. [Docs. 34, 35, 36].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were

4

unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

<u>Defendant meets her burden to show that her position was substantially justified.</u>

Defendant argues that her position in the merits briefing was substantially justified. [Doc. 35]. She argues that her position—which was quite narrow and exclusively addressed the

5

two treatment notes cited by Plaintiff (Dr. Sigl's March 12, 2014 note and Dr. Voloshin's May 22, 2015 note)—was reasonable in fact and law. Her response reads, in pertinent part:

> [T]he Commissioner's position had a reasonable basis in fact (ECF No. 29 at 15-18). The Court did not disagree with the Commissioner's characterization of the March 2014 and May 2015 records argued by Plaintiff (ECF No. 24 at 16-17 (citing Tr. 653-56, 638)). The Court instead held that other evidence submitted to the Appeals Council—records from December 2013 and February 2014—had a reasonable probability of changing the outcome (ECF No. 32 at 7-9 (citing Tr. 640, 635)). *See* 20 C.F.R. § 404.970(a)(5) (2017). In making this finding, the Court stated that "there is no suggestion that [this evidence] is duplicative or cumulative" (ECF No. 32 at 7). But this additional evidence (which was not briefed by the parties) was in fact duplicative. The same documents were present in the record before the ALJ (*compar*e Tr. 640, 635 *with* Tr. 418, 423).

[Doc. 35] at 2.

In reply, Plaintiff maintains that Defendant was not substantially justified in defending the Appeals Council's refusal to consider the additional records. [Doc. 36]. For support, Plaintiff points to Dr. Voloshin's 2015[5] note, listing a GAF of 40. [Doc. 36] at 2 (citing Tr. 638). She further points to an emergency-room record, dated November 2, 2015, indicating that Plaintiff had presented herself at the ER with suicidal ideation. *Id.* (citing Tr. 609–30). The Court is not persuaded.

---

[5] Plaintiff lists the date of this note as July 9, 2015, but in fact, it is dated May 22, 2015. Tr. 638. There is a letter to Plaintiff from the "General Specialty Clinics-Start Clinic Team" at University of New Mexico Psychiatric Center dated July 9, 2015. Tr. 637. The letter informs Plaintiff that she is discharged from the Start Clinic for failing to attend any appointment since February 7, 2014. *Id.* To the extent that Plaintiff intended to cite to this letter, her argument remains unpersuasive. Under the circumstances here, Defendant meets her burden to show that her position was substantially justified. The July 9, 2015 letter does not change the result.

Dr. Voloshin's May 22, 2015 note explicitly states that Plaintiff was not seen on that date, had not been seen since February 7, 2014, and would be discharged from the clinic. Tr. 638. Accordingly, the note fails to corroborate Dr. Hughson's report (i.e., fails to suggest that the outcome would have been different if it had been considered) and likewise fails to suggest that Defendant lacked substantial justification (either when the Appeals Council declined to consider the additional evidence or when she presented her response in this litigation). This is so because there is only a very tenuous connection between Dr. Voloshin's note and Dr. Hughson's report.

Similarly, the notes from Plaintiff's November 2, 2015 emergency-room visit fail to corroborate the specific portions of Dr. Hughson's report that were rejected by the ALJ. The notes from the ER visit simply do not include any assessment of Plaintiff's overall functioning, which is the pertinent part of Dr. Hughson's report. The Court finds that even if the ER notes had been considered, the outcome of the case would not have been different. The ER notes also fail to persuade me that Defendant lacked substantial justification in defending the Appeals Council's refusal to consider the additional evidence. This is especially so considering that Plaintiff herself did not discuss these notes in the merits briefing. Under the specific circumstances here, the Court finds that Defendant meets her burden to show that her "position" was substantially justified. The Motion will be denied.

Although it is not determinative, the Court addresses a persistent, but incorrect, argument in Plaintiff's filings. Plaintiff complains that the Appeals Council cited no caselaw and failed to provide adequate rationale for declining to consider Plaintiff's additional evidence. [Doc. 36] at 3. It is settled in this circuit, however, that the Appeals Council has no duty to cite authority

or otherwise explain itself when it declines to review an ALJ's decision. *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017); *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006).

## Conclusion

Defendant meets her burden to show that she was substantially justified in declining to consider the additional evidence submitted to the Appeals Council and in defending the Appeals Council before this Court. Accordingly, Plaintiff's Motion will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**